# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV238
## (1:01CR48-7)

| | |
|---|---|
| RICHARD DONNELL RUDISILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on the Petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence, filed November 2, 2004. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

On July 10, 2001, the Petitioner and seven co-defendants were charged with conspiracy to possess with intent to distribute at least 50 grams of a mixture or substance containing a detectable amount of cocaine base and at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841 and 846. **Bill of Indictment, filed July 10, 2001.** Included in the indictment was a notice pursuant to 21 U.S.C. § 851 that the Petitioner had previously been convicted of a felony drug offense. *Id.*, **at 2.** On that same date, the Government also filed a formal § 851 notice. **Information pursuant to Title 21 U.S.C. §851, filed July 10, 2001.** On August 6, 2001, the Government filed a superseding bill of indictment which added two defendants. **Superseding Bill of Indictment, filed August 6, 2001.** On September 17, 2001, the Government filed another § 851 notice showing that the Petitioner had previously been convicted of both a felony drug

offense and a violent crime. **Information pursuant to Title 21, U.S.C. § 851, filed September 17, 2001.**

In November 2001, the Petitioner and three of his co-defendants elected to proceed to trial. During the second day of trial, the Petitioner advised the Court that he wished to represent himself for the duration of the trial. After conducting a colloquy with the Petitioner, the undersigned allowed his request. In less than two hours, the Petitioner advised the Court that he had made "a big mistake" by asking his attorney to withdraw and requested that the Court re-appoint his trial counsel, Eric Foster. The Court allowed the motion. On November 14, 2001, the jury returned its verdict finding the Petitioner guilty of conspiracy to possess with intent to distribute cocaine base and cocaine. **Verdict Sheet, filed November 14, 2001.** The jury specifically found that "the conspiracy described in the indictment involve[d] at least five kilograms of a mixture or substance containing a detectable amount of cocaine" and that "the conspiracy described in the indictment involve[d] at least 50 grams of a mixture or substance containing a detectable amount of cocaine base." *Id.*

On October 1, 2002, the undersigned sentenced the Petitioner to 360 months imprisonment. **Judgment in a Criminal Case, filed October 16,**

**2002.** The Petitioner appealed both his conviction and sentence alleging (1) the Government failed to prove an explicit agreement among the parties to the conspiracy; (2) there was insufficient evidence of the conspiracy and the amounts of drugs involved therein; (3) the Court committed error in allowing him, for a brief period during the trial, to represent himself; (4) the sentencing court erred in its application of the enhancement for the Petitioner's role as a manager in the conspiracy. The Fourth Circuit Court of Appeals rejected each of these grounds and affirmed his conviction and sentence on June 25, 2003; the Supreme Court denied the Petitioner's petition for a *writ of certiorari* on November 3, 2003. **United States v. Rudisill, 68 F. App'x 454 (4th Cir.), *cert. denied*, 124 S. Ct. 501 (2003).** This petition, filed November 2, 2004, is timely filed.

In this motion, the Petitioner raises three challenges to his conviction and sentence. He claims that his trial counsel was ineffective, an issue addressed *infra*. He also claims that the Government failed to prove that this Court and the United States had jurisdiction over this crime and the Petitioner. This allegation is rejected outright as frivolous. Finally, the Petitioner argues that his conviction and sentence are illegal under

*Blakely*[1] as a result of the enhancement of his offense level (1) as an organizer and (2) for possession of a firearm; and because the jury did not make a finding of the drug quantities involved.  As to this last ground, again, the Petitioner has raised a frivolous argument since the jury clearly found specific drug quantities on the verdict sheet.

## II.  STANDARD OF REVIEW

In considering Petitioner's claims that he has not received adequate assistance of counsel,

> [f]irst, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

**Strickland v. Washington, 466 U.S. 668, 686 (1984).**  Unless a defendant makes both showings, his claim of ineffective assistance of counsel must fail.  *Id.*  Thus, a defendant must show that counsel's performance fell below objective standards of reasonableness, and, that but for his conduct,

---

[1]*Blakely v. Washington*, 542 U.S. 296 (2004).

there was a reasonable probability the result would have been different. *Id*., at 688; *Hill v. Lockhart*, 474 U.S. 52 (1985); *Fields v. Attorney Gen.*, 956 F.2d 1290 (4th Cir. 1992) **(In order to obtain relief from a conviction on the basis of ineffective assistance of counsel, a defendant must show both that counsel was incompetent and but for that incompetence, he would not have been convicted).** If the defendant fails to make the first showing, there is no need to consider the second. *Strickland, supra*.

### III.  DISCUSSION

The Petitioner's first claim is that his attorney should have filed a motion to suppress the tape recording introduced into evidence for lack of authentication and foundation. The evidence in the Government's open file, and presented during the trial, clearly showed that the law enforcement authorities used the services of a confidential informant who was properly wired and who recorded conversations of controlled purchases with the Petitioner. **Trial Transcript, filed July 15, 2002, at 53-55.** Any such motion would have been meritless. Since trial counsel had no valid grounds on which to attack this evidence, counsel was not ineffective in

failing to file a suppression motion.  **United States v. Mikalajunas**, 186 F.3d 490, 493 (4th Cir. 1999).  "'Counsel is not required by the Sixth Amendment to file meritless motions.'"  **Wagner v. United States**, 377 F.Supp.2d 505, 510 (D.S.C.), *appeal dismissed*, 146 F. App'x 701 (4th Cir. 2005) (quoting *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995)); *accord*, *Leano v. United States*, 334 F.Supp.2d 885, 893 (D.S.C. 2004) ("Because there was nothing illegal or unconstitutional about the search and seizure in this case, the Petitioner's counsel cannot be found ineffective for failing to raise the issue.").  Nor has the Petitioner done anything other than speculate that this evidence was in some manner defective.

Petitioner also claims his attorney should have moved to sever his case from that of his co-defendants.  Again, such a motion would have been meritless.  The general rule is that individuals who have been indicted together should be tried together, especially when the charge is conspiracy.  **United States v. Tipton**, 90 F.3d 861, 883 (4th Cir. 1996); **United States v. Rivera**, 412 F.3d 562 (4th Cir.), *cert. denied*, 126 S. Ct. 670 (2005).

As to the Petitioner's claim that trial counsel failed to adequately investigate and prepare his case, the record discloses numerous motions filed by defense counsel. Counsel also moved for the issuance of subpoenas in order to bring witnesses to the trial in case their testimony was necessary. The Court cannot find that counsel failed to adequately investigate or prepare for trial.

The Petitioner claims that counsel should have moved for a directed verdict at the close of the Government's case on the ground that the evidence failed to establish a single conspiracy. On November 14, 2001, at the close of the Government's evidence, defense counsel filed a request for a special jury instruction concerning a single conspiracy. **Request for Jury Instruction, filed November 14, 2001.** Obviously, the issue of whether the Government proved the existence of the conspiracy with which the Petitioner was charged was an issue of fact for the jury. As a result, any motion for a directed verdict would have been futile. Instead of wasting the Court's time with such a motion, counsel quite properly requested a jury charge on the issue. ***United States v. Stockton***, 349 F.3d 755, 762 (4th Cir. 2003), *cert. denied*, 541 U.S. 953 (2004); *accord*, ***United States v. Jackson***, 170 F. App'x 812, 815 (4th Cir. 2006). To

prove a single conspiracy, the government must prove beyond a reasonable doubt an agreement to violate the federal drug laws was formed, the defendant's knowledge of the conspiracy, and his deliberate and willing joining thereof and participation therein. **United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001).** The evidence showed beyond a reasonable doubt that the Petitioner was involved in this conspiracy which operated as one large cocaine conspiracy. **Accord, United States v. Squillacote, 221 F.3d 542, 574 (4th Cir. 2000); United States v. Roberts, 262 F.3d 286 (4th Cir. 2001).**

Other grounds raised by the Petitioner are frivolous and will not be addressed. The final argument made is that trial counsel should have objected when the Petitioner advised the Court that he wanted to represent himself. Counsel, he claims, should have realized that the Petitioner was mentally incompetent at the time. However, during the colloquy with the Petitioner, the Court specifically asked if he had ever been treated for mental illness and the Petitioner responded that he had not. **Trial Transcript, *supra*, at 10.** The Petitioner also acknowledged past experience with the legal system. ***Id.*, at 7.** When asked if that experience provided him with the expertise to represent himself, the Petitioner

answered that he had faith in Jesus Christ. *Id., at 8.* While the Petitioner now claims this should have alerted counsel and the Court that he was mentally unbalanced, it is nothing more than a pronouncement of faith.

Moreover, in less than two hours, the Petitioner acknowledged that he had made a mistake and asked to have his attorney represent him. "I'm lost as far as, you know, what's going on before me. And I just feel like I just made a big mistake, big mistake." *Id., at 74-75.* At that point, the Court re-appointed trial counsel.

The Court finds that each ground alleged by the Petitioner is without merit. Because Petitioner failed to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," the second prong of *Strickland* need not be reached.

The Petitioner's last argument is that the enhancements were erroneous in light of the *Blakely* decision. The Supreme Court there held that Washington State's statutory sentencing scheme violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the sentencing court used aggravating factors, to which the defendant had not stipulated in his plea agreement, to enhance the defendant's sentence above the sentencing

guideline range. However, *Blakely* does not apply retroactively to convictions, like the Petitioner's, that were final at the time that case was decided. *United States v. Price*, 400 F.3d 844 (10th Cir.), *cert. denied*, 126 S. Ct. 731 (2005); *Varela v. United States*, 400 F.3d 864 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005); *Cooper-Smith v. Palmateer*, 397 F.3d 1236 (9th Cir.), *cert. denied*, 126 S. Ct. 442 (2005); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *United States v. Fowler*, 133 F. App'x 922, 923 (4th Cir. 2005) ("**[N]either *Booker* [*v. United States*, 543 U.S. 220 (2005)] nor *Blakely* announced a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.**"); *United States v. Marshall*, 117 F. App'x 269 (4th Cir. 2004).

Moreover, because of the drug quantities found beyond a reasonable doubt by the jury and the Petitioner's prior felony drug conviction, he faced a mandatory minimum of 20 years imprisonment and not more than life imprisonment. **21 U.S.C. § 841(b)(1)(A).** His sentence of 360 months does not exceed the statutory maximum and thus no error has occurred.

**IV. ORDER**

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby **DENIED.** A Judgment is filed herewith.

Signed: August 7, 2006

Lacy H. Thornburg
United States District Judge